IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ERIC FLORES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES ATTORNEY GENERAL and FEDERAL BUREAU OF INVESTIGATION,<br><br>　　　　Defendants. | CV 15-91-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Eric Flores has filed a Motion to Proceed in Forma Pauperis, a proposed Complaint, a Motion to Transfer, and a "Judicial Notice of Leave of Court[']s Previous Order of Any Fileing [sic] Restriction against the Petitioner to File Petition that is Seeking Relief from Imminent Danger Such as Death in the Public Interest of Health and Safety." (Docs. 1-4.) Mr. Flores is proceeding without counsel.[1]

Permission to proceed in forma pauperis is discretionary with the Court. 28

---

[1] Mr. Flores names a number of individuals as "members of the protected class of Mexican American citizens of the United States" (Doc. 2 at 2-3) and appears to be seeking class certification. The Court does not allow pro se litigants to proceed together in one action. Therefore, Mr. Flores is the sole plaintiff in this case.

1

U.S.C. § 1915(a). A court should grant leave to proceed in forma pauperis if the affidavit sufficiently indicates the affiant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Mr. Flores, a resident of El Paso, Texas, submitted a pleading entitled "Petition to Challenge the Constitutionality of the First Amendment." (Doc. 2.) The pleading is over 60 pages long and is almost identical to a proposed Complaint Mr. Flores filed in this Court on April 17, 2015. Mr. Flores raises two issues in his proposed Complaint:

> (i) Whether government interference with a persons [sic] marriage resulting in separation of that marriage can be constituted as a constitutional deprivation of the first amendment right to free exercise of religious beliefs under the domestic legal pretext.
> (ii) Whether governmental interference with a persons [sic] communication to the state and federal law enforcement agencies so as to prevent an investigation of a crime committed against that person can be constituted as a constitutional deprivation of the first amendment right to freedom of speech.

(Doc. 2 at 4.)

Mr. Flores's allegations are fantastic, delusional, and frivolous. (*E.g.* Doc. 2

2

at 22 (alleging the federal government "used advanced technology with a direct signal to the satellite in outerspace [sic] that has the capability of calculating a genetic code to profoundly disrupt the personality and senses of the petitioners [sic] grandfather . . . to compel him into an act of dures [sic] by a calculated procedure to have sexual intercourse with another female person other than his common wife").)  The pleading falls into the category of "the irrational or wholly incredible."  Thus, the Court is justified in dismissing the case and denying permission to proceed in forma pauperis.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal is appropriate if the facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional").

Moreover, Mr. Flores has a history of filing frivolous and vexatious litigation in this Court and in other courts.  He has filed hundreds of complaints with similarly baseless allegations.  *See, e.g., Flores v. U.S. Atty. Gen.*, No. 6:15-cv-00032-H-DLC-JTJ (D. Mont. 2015) (fantastic and illogical claims dismissed with prejudice), *Flores v. U.S. Atty. Gen.*, No. 4:12-cv-00093-GF-SEH-RKS (D. Mont. 2012) (frivolous and baseless complaint dismissed with prejudice); *Flores v. U.S. Atty. Gen.*, No. 2:12-cv-00575-REB (D. Id. 2012); *Flores v. U.S. Atty. Gen.*, No. 1:12-cv-1682-SEB-DKL (S.D. In. 2012), *Flores v. U.S. Atty. Gen.*, No. 3:11-cv-00158-DB-RPM (W.D. Tex. 2011) (listing "lengthy history of vexatious

filings," dismissing case, and imposing sanctions); *Flores v. McDoug*, EP-11-CV-260-FM (W.D. Tex. 2011) (dismissing the complaint as frivolous and barring Mr. Flores from filing any further complaints without first satisfying a monetary sanction and obtaining the permission of a district judge to proceed); *Flores v. U.S. Atty. Gen.*, No. 5:13-cv-33 (D. Vt. 2013); *Flores v. U.S. Atty. Gen.*, No. 15-CV-56-ABJ (D. Wyo. 2015) (dismissing case as frivolous and requiring Mr. Flores to seek leave to file a new case in the District of Wyoming). In April 2015 alone, no fewer than 28 separate federal courts have been burdened by Mr. Flores's almost identical petitions.

Mr. Flores has submitted a frivolous and baseless proposed Complaint with fantastic and illogical accusations against the federal government. The Motion to Proceed in Forma Pauperis should be denied and this matter dismissed with prejudice. Mr. Flores is not entitled to a ten-day period to object. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). The Court should not entertain a motion of reconsideration. Though the Court ordinarily gives litigants the opportunity to pay the filing fee, it should not do so for Mr. Flores given his extensive history of abusing the system by filing repetitive, frivolous, and vexatious pleadings.

Given the finding that Mr. Flores's proposed Complaint is frivolous and

should be dismissed, the Motion to Transfer (Doc. 3) will be denied. A transfer would be futile and thus would not be in the interest of justice. *See Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001) (The transfer of a civil action among federal courts is appropriate if three conditions are satisfied, including that the transfer is in the interest of justice.).

Accordingly,

**IT IS ORDERED**:

Mr. Flores's Motion to Transfer (Doc. 3) is **DENIED**.

**IT IS RECOMMENDED**:

1. Mr. Flores's Motion to Proceed in Forma Pauperis (Doc. 1) should be **DENIED**, and this matter dismissed with prejudice as frivolous.

2. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to discard any motion of reconsideration or rehearing.

DATED this 21st day of October, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge